UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ROBERT ALAN THOMPSON,

        Plaintiff,

v.                                                                                  CASE NO. 10-13817
                                                                                    HONORABLE MARK A. GOLDSMITH
PATRICIA CARUSO,

        Defendant.
_____/

**<u>ORDER VACATING THE ORDER OF REFERENCE TO THE
MAGISTRATE JUDGE AND DISMISSING CASE WITH PREJUDICE</u>**

### I. Introduction

This matter is pending before the Court on Plaintiff Robert Alan Thompson's *pro se* civil rights complaint under 42 U.S.C. § 1983. Plaintiff is a state prisoner at the Charles Egeler Correctional Facility in Jackson, Michigan. The sole defendant is Patricia Caruso, Director of the Michigan Department of Corrections.

The complaint alleges that Plaintiff is not getting the medical attention he needs for his heart, legs, and feet. Plaintiff claims that he advised prison officials last June that he has had seizures and suffers from severely swollen feet and legs. He requested support socks, but a physician advised him to lose weight and stated that support socks would not help Plaintiff. When Plaintiff subsequently requested tennis shoes because his state-issued shoes cut his skin, he was told that the State would not provide the shoes, but that he could purchase the shoes himself. Plaintiff alleges that his grievances concerning these matters went unanswered or were denied.

He claims that he reduced his weight from 360 pounds to 322 pounds, but that his legs are

not improving and he is short of breath. He seeks twenty million dollars in damages for failure to provide him with proper medical care. He also wants the Michigan Department of Corrections to change its policies and to improve its medical treatment of inmates.

## II. Legal Standard

The Court has granted Plaintiff leave to proceed without prepayment of the fees and costs for this action. The Court must dismiss an indigent prisoner's civil rights complaint if the complaint (1) is frivolous or malicious or fails to state a claim for which relief may be granted or (2) seeks monetary relief from a defendant who is immune from such relief. *Smith v. Campbell*, 250 F.3d 1032, 1036 (6th Cir. 2001) (citing 28 U.S.C. §§ 1915(e)(2) and 1915A). A complaint is frivolous if it lacks an arguable basis in law or in fact. *Neitzke v. Williams*, 490 U.S. 319, 325 (1989).

"To state a claim under § 1983, a plaintiff must set forth facts that, when construed favorably, establish: 1) the deprivation of a right secured by the Constitution or laws of the United States; 2) caused by a person acting under the color of state law." *Harris v. Circleville*, 583 F.3d 356, 364 (6th Cir. 2009) (citing *Dominguez v. Corr. Med. Servs.*, 555 F.3d 543, 549 (6th Cir. 2009)). While a complaint need not contain "detailed factual allegations," a plaintiff's obligation to provide grounds entitling him to relief "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 555 (2007) (citations omitted). "Factual allegations must be enough to raise a right to relief above the speculative level on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Id*. at 555-556 (citations and footnote omitted).

## III. Discussion

The pending complaint is frivolous and fails to state a claim because Plaintiff has not shown

2

that Defendant Caruso had any personal involvement in the acts or omissions about which he complains. There is no indication that Defendant Caruso even knew about Plaintiff's medical problems. "[D]amage claims against governmental officials alleged to arise from violations of constitutional rights cannot be founded upon conclusory, vague or general allegations, but must instead, allege facts that show the existence of the asserted constitutional rights violation recited in the complaint and what *each* defendant did to violate the asserted right." *Terrance v. Northville Reg'l. Psychiatric Hosp.*, 286 F.3d 834, 842 (6th Cir. 2002 ) (emphasis in original). Plaintiff may be suing Defendant Caruso under a *respondeat superior* theory of liability. However, vicarious liability is not applicable to suits under § 1983; "a plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution." *Ashcroft v. Iqbal*, __ U.S. __, __, 129 S. Ct. 1937, 1948 (2009). "Supervisory liability under § 1983 cannot attach where the allegation of liability is based upon a mere failure to act." *Bass v. Robinson*, 167 F.3d 1041, 1048 (6th Cir. 1999)). Nor can supervisory liability "be based solely on the right to control employees, or simple awareness of employees' misconduct." *McQueen v. Beecher Cmty. Sch.*, 433 F.3d 460, 470 (6th Cir. 2006) (citations and quotation marks omitted). Instead,

> [t]here must be a showing that the supervisor encouraged the specific incident of misconduct or in some other way directly participated in it. At a minimum, a § 1983 plaintiff must show that a supervisory official at least implicitly authorized, approved or knowingly acquiesced in the unconstitutional conduct of the offending subordinate.

*Bellamy v. Bradley*, 729 F.2d 416, 421 (6th Cir. 1984).

Plaintiff has not alleged that Defendant Caruso, the Director of the Michigan Department of Corrections, encouraged the acts or omissions about which he complains or that Caruso personally violated Plaintiff's constitutional rights. Consequently, Plaintiff's claims are frivolous and fail to

3

state a claim. The order of reference to Magistrate Judge Mark A. Randon [docket entry 6] is vacated, and the complaint [docket entry 1] is summarily dismissed pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b). The request for health records [docket entry 7] is denied as moot. Finally, if Plaintiff chooses to appeal this decision, he may not proceed without prepayment of the appellate fees and costs because an appeal could not be taken in good faith. 28 U.S.C. § 1915(a)(3); *Coppedge v. United States*, 369 U.S. 438, 445 (1962); *McGore v. Wrigglesworth*, 114 F.3d 601, 610-11 (6th Cir. 1997).

IT IS SO ORDERED.

Dated: December 9, 2010             s/Mark A. Goldsmith
     Flint, Michigan              MARK A. GOLDSMITH
                                                United States District Judge

## **CERTIFICATE OF SERVICE**

The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or First Class U.S. mail addresses disclosed on the Notice of Electronic Filing on December 9, 2010.

                                                                 s/Deborah J. Goltz
                                                                  DEBORAH J. GOLTZ
                                                                  Case Manager